UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---------------------------------------------------------x
DEBORAH THOMAS,  
an individual,

       Plaintiff,

vs.

CAJUN OPERATING COMPANY  
(OF DELAWARE),  
d/b/a Church's Chicken

       Defendant.
---------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

Plaintiff, DEBORAH THOMAS, by and through her undersigned counsel, hereby files this Complaint and sues CAJUN OPERATING COMPANY (OF DELAWARE) (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, DEBORAH THOMAS, (hereinafter referred to as "MS. THOMAS"), is a resident of East Baton Rouge Parish, Louisiana.

4. MS. THOMAS is a qualified individual with a disability under the ADA. MS. THOMAS

1

is affected with paraplegia.

5. Due to her disability, MS. THOMAS is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MS. THOMAS is unable to walk, stand, or use her legs without assistance.

6. Upon information and belief, DEFENDANT is a corporation incorporated in the State of Delaware and having the domicile of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Upon information and belief, DEFENDANT is doing business as Church's Chicken.

8. Upon information and belief, DEFENDANT is the owner, lessor, lessee and/or operator of the real properties and improvements which is the subject of this action, to wit: Church's Chicken generally located at 10785 Florida Boulevard, Baton Rouge, Louisiana 70815 (hereinafter referred to as "the Property").

9. DEFENDANT is obligated to comply with the ADA.

10. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, East Baton Rouge Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MS. THOMAS realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at:

at 10785 Florida Boulevard, Baton Rouge, Louisiana 70815.

13. MS. THOMAS has visited the Property numerous times and desires to visit the Property again in the near future.

14. During these visits, MS. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 18 of this Complaint.

15. MS. THOMAS continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 18 which still exist.

16. MS. THOMAS intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subjects of this action.

17. MS. THOMAS is presently deterred from visiting the Property because of the architectural barriers described in Paragraph 18. MS. THOMAS will continue to be deterred from visiting the Property until the architectural barriers are removed.

18. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MS. THOMAS due to, but not limited to the following violations which MS. THOMAS personally observed and/or encountered which hindered her access:

    A. There is a ramp at the Property that is seven feet long and does not contain handrails; and

    B. The doorway to the woman's bathroom is too narrow for MS. THOMAS to enter the bathroom.

19. Furthermore, DEFENDANT continues to discriminate against MS. THOMAS, and others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide MS. THOMAS an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANTS offers to the general public.

20. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

21. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

22. Removal of the barriers to access located on the Property would provide MS. THOMAS an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

23. Independent of her intent to return as a patron to the Property, MS. THOMAS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

24. MS. THOMAS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. THOMAS is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. THOMAS demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.  That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B.  That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.  That this Court enter an Order closing the subject Property and discontinuing all non-complying services, activities, programs and accommodations until the requisite alterations are completed;

D.  That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

E.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. THOMAS; and

F.  That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _____
Garret S. DeReus